IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEL MERRILL,<br><br>          Plaintiff,<br><br>   vs.<br><br>KIEWIT PACIFIC COMPANY, INC., et al.,<br><br>          Defendants._____/ | No. C 05-4460 MEJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**ORDER OF REMAND** |

## I.   INTRODUCTION

Plaintiff Michel Merrill ("Plaintiff") brings suit against his former employer, defendant Kiewit Pacific Company, Inc. ("Kiewit"), and former superior, defendant Allan Kirkwood (collectively, "Defendants"), for claims related to his termination from Kiewit. Now before the Court is Plaintiff's Motion to Remand Action to State Superior Court, filed on December 2, 2005. After consideration of the parties' papers, oral arguments at the February 9, 2006 hearing, relevant statutory and case law authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion for the reasons set forth below.

## II.   BACKGROUND

**A.   Factual Background**

During his employment at Kiewit, Plaintiff included his longtime girlfriend, Cheran Whyte, as a dependent under Kiewit's medical and dental plans, both in 1990 and 1996. Under the terms of

the plan, eligible dependents of Kiewit's employees were entitled to medical and dental coverage. The plan defined "eligible dependents," in relevant part, as a "lawful spouse." On April 1, 2004, Kiewit terminated Plaintiff for fraud relating to his dependent insurance coverage of Ms. Whyte. After his termination, Plaintiff filed suit against Defendants in California Superior Court on March 28, 2005, alleging: (1) Breach of the Implied Contract of Employment; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Defamation; (4) Intentional Infliction of Emotional Distress; and (5) Negligent Infliction of Emotional Distress.

**B.     Procedural Background**

On March 28, 2005, Plaintiff filed his initial Complaint in the Superior Court of the State of California, County of Alameda, Case No. RG05205319. On August 4, 2005, Defendants filed their Answer to Plaintiff's Complaint.

On November 2, 2005, Defendants removed the action to this Court.

On December 2, 2005, Plaintiff filed a Motion to Remand Action to State Superior Court, as well as the Declaration of Jeremy Pasternak in support thereof.

On January 12, 2006, Defendants filed an Opposition to Plaintiff's motion, as well as the Declaration of Cassandra H. Carroll in support thereof.

On January 26, 2006, Plaintiff filed a Reply.

On February 9, 2006, the Court held a hearing in the matter. Jeremy Pasternak appeared on behalf of Plaintiff. Joel Kaplan and Cassandra Carroll appeared on behalf of Defendants.

### III.     DISCUSSION

In his motion to remand, Plaintiff argues that Defendants' removal of this action is untimely. Plaintiff also argues that Defendants' generic and broad claims of preemption under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.,* contradict the well-established body of ERISA law declared by the Supreme Court and the Ninth Circuit. Plaintiff contends that he does not state a claim under ERISA, has brought only state law claims, and would not have been able to originally commence this action in this Court. Therefore, removal based on preemption and federal question is improper.

1 In response, Defendants argue that they timely removed this action. Defendants also argue
2 that Plaintiff repeatedly asserted at his deposition that his ex-girlfriend was an eligible dependent
3 under his ERISA plan, and that his view that his termination was wrongful turns entirely on that
4 assertion. Defendants contend that because Plaintiff's deposition testimony unambiguously revealed
5 that Plaintiff's state law claims "relate to" an ERISA employee benefit plan, his state law claims are
6 "completely preempted," and jurisdiction is proper in this Court.

**A.     Legal Standard**

Generally, a state court action is only removable to federal court if it might have been brought there originally. 28 U.S.C. § 1441(a). The federal removal statute is strictly construed and federal courts reject jurisdiction if there is any doubt as to whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations omitted). As a result, the party opposing remand has the burden of proof of establishing that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, remand after an action has been removed from state court is available for lack of subject matter jurisdiction or for any defect in removal procedure. 28 U.S.C. § 1447(c).

**B.     Whether Defendants' Timely Removed This Action**

As a preliminary matter, the Court shall address the issue of timeliness. Plaintiff contends that the facts upon which Defendants rely for removal have been known to them since the filing of his complaint, on March 28, 2005, and irrefutably since they responded to Plaintiff's form interrogatories on September 7, 2005. Thus, from either date, Plaintiff contends that the thirty-day period for removal has elapsed.

In response, Defendants assert that Plaintiff's complaint is devoid of any facts indicating what he believed was the underlying reason for his termination, arguing that he alleged in a conclusory fashion that he was terminated without cause in violation of his alleged implied employment agreement with Kiewit. Thus, there was nothing in the complaint to implicate an ERISA claim. Defendants further argue that they first learned that Plaintiff's complaint raised a federal question under ERISA at his October 2005 deposition.

Pursuant to 28 U.S.C. § 1446(b), a defendant may file a notice of removal "within thirty days

3

after receipt of a copy . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable... ." The thirty-day time period for removal begins once the grounds for removal become apparent within "the four corners of the initial pleading or subsequent paper." *Harris v. Banker's Life Casualty Co.*, 425 F.3d 689, 695 (9th Cir. 2005) (quoting *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997)). For purposes of Section 1446(b), "other paper" includes interrogatory responses. *Chapman v. Powermatic Inc.*, 969 F.2d 160, 164 (5th Cir. 1992).

In *Harris*, the court states:

'[W]e will not require the courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.'

*Harris*, 425 F.3d at 695 (quoting *Lovern,* 121 F.3d at 162).

Here, Defendants argue that they first became aware of the possibility of ERISA preemption at Plaintiff's deposition, when he testified that the proffered reason for his termination was that he misrepresented dependent eligibility under an ERISA employee benefit plan. However, in Defendants' response to interrogatories, dated September 7, 2005, Defendants stated that Plaintiff was terminated due to his falsification of company documents and misrepresentation of dependent benefit eligibility. (Plaintiff's Motion to Remand, Ex. C at 8 (Response to Interrogatory No. 201.2), & 12 (Response to Interrogatory No. 206.1)).

Because Defendants' interrogatory responses are considered "other paper," the Court may rely on such documents to determine when Defendants had notice of the grounds for removal. Therefore, the Court finds that the interrogatory responses, served on September 7, 2005, gave Defendants adequate notice for removal. Defendants did not remove this matter until November, 2, 2005, which was well over thirty days after they responded to Plaintiff's interrogatories. Consequently, the Court finds that Defendants' removal was untimely and remand should be granted on this ground.

4

**C.     Whether ERISA Preempts Plaintiff's State Law Claims**

Even though Defendants' removal is untimely, the Court shall consider whether ERISA preempts Plaintiff's state law claims. Plaintiff argues that he alleges only state law claims that, as a matter of law, do not "relate to" Kiewit's ERISA plan for the purpose of preemption analysis. Plaintiff points out that the ERISA benefit referred to in Defendants' Notice of Removal is one that actually ceased long before his termination. Thus, Plaintiff asserts that the intent of the termination was not to deprive him of this ERISA benefit, as he had not had it in five years. Rather, Plaintiff claims that Kiewit terminated him without good cause in breach of his employment contract. Specifically, he believes that Kiewit used the inclusion of his common law spouse in the medical plan as a pretext for his termination. As Ms. Whyte was removed from Kiewit's health insurance plan in May 1999, Plaintiff argues that his termination in April 2004 did not deprive him of any ERISA benefits.

Plaintiff further argues that ERISA does not preempt state law breach of contract claims when a plaintiff relies on theories independent of an ERISA plan. As he pleads causes of action for breach of contract and breach of implied covenant of good faith and fair dealing, Plaintiff argues that these state law claims are not preempted by, and are completely independent of, ERISA. In other words, Plaintiff argues that he is not suing because he did not get benefits for Ms. Whyte; he is suing because he was fired without just cause and out of personal animus.

Plaintiff also contends that Defendants' strained misapplication of ERISA preemption standards would create an inequitable outcome in this case. Plaintiff argues that Defendants are trying to turn this into an ERISA case in order to limit their own liability, as ERISA only allows for equitable relief.

In response, Defendants argue that removal on federal question grounds is unquestionable because Plaintiff's deposition testimony unambiguously revealed that his state law claims relate to an ERISA employee benefit plan, thereby preempting them. Defendants argue that the central issue in this case is whether Plaintiff was entitled to dependent coverage for his ex-girlfriend under Kiewit's ERISA benefit plan. Moreover, Defendants argue that Plaintiff's claim falls under § 1132 of ERISA,

making it eligible for removal under ERISA's civil enforcement provision.

Pursuant to 29 U.S.C. § 1132, "A civil action may be brought- (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." While ERISA provides a federal cause of action, it also acts to preempt certain state law claims. Specifically, 29 U.S.C. § 1144(a) provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan described in section 1003(3) of this title and not exempt under section 1003(b) of this title."

This preemption "was intended to ensure that plans and plan sponsors would be subject to a uniform body of benefits law; the goal was to minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990) (internal citations omitted).

The Supreme Court has determined that Congress used the words "relate to" in a broad sense: "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 96-97 (1983). Thus,

"[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987). Moreover, "[n]o ERISA cause of action lies . . . when the loss of pension benefits was a mere consequence of, but not a motivating factor behind, the termination of benefits." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir. 1988). Thus, a claim is not preempted to the extent that it relies on theories independent of the benefit plan. *Sorosky v. Burroughs Corporation*, 826 F.2d 794, 800 (9th Cir. 1987).

In determining whether ERISA preempts state common law causes of action for wrongful discharge, both the Supreme Court and the Ninth Circuit have focused on the employer's alleged motivation in terminating the employee, concluding that a claim is preempted when the complaint

6

alleges that the employer had a pension-defeating motive in terminating the employment. *Ingersoll-Rand,* 498 U.S. at 140; *see also Ethridge*, 861 F.2d at 1405. In other words, for ERISA preemption to exist there must be a benefit depriving motive. *Ingersoll-Rand*, 498 U.S. at 140.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (citing *Gully v. First National Bank,* 299 U.S. 109, 112-113 (1936)). "The rule makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Here, Plaintiff 's claim does not fall within the scope of ERISA's civil enforcement found in § 1132 because he brought only state law claims which could not have been commenced in this Court. Plaintiff alleges five causes of action under state law, all connected to the claim that Kiewit terminated him without good cause in breach of his employment contract. Plaintiff has asserted in his complaint, his interrogatory responses, and in his deposition testimony that his termination was the result of a personal animus on the part of defendant Kirkwood. He has also made it clear that he is not suing because he did not get benefits for his girlfriend. In fact, the ERISA benefit referred to in Defendants' Notice of Removal is one that had actually ceased long before his termination. Thus, it appears that Plaintiff has never and does not claim that Kiewit intended to terminate him in order to deprive him of any ERISA related benefits, and that his claims are only state law based.

Defendants contend that Plaintiff does not rely on theories independent of ERISA, and that Plaintiff's entitlement to ERISA benefits for Ms. Whyte is the central issue in this case. Moreover, Defendants argue that while Plaintiff seeks to cast his claim in terms of "just cause," the essence of Plaintiff's claim is that he was unlawfully terminated for including Ms. Whyte on Kiewit's ERISA plan.

For purposes of preemption, the Court's analysis must focus on the "heart and soul of the complaint," not the defendants proffered reason for a termination. *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 974 (9th Cir. 1993). *Karambelas* emphasizes that the plaintiff is the master of his

7

claim. *Id.* Thus,"[i]f the test for preemption was based on the defendant's proffered reason for termination, any employer could limit the claims of its discharged employees by terminating an employee for exercise of an ERISA right." *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129-130 (5th Cir.1996).

In the present case, the "heart and soul" of Plaintiff's complaint is that defendant Kirkwood terminated his employment because of a personal animus, and that doing so was without good cause. Plaintiff does not allege that Kiewit had a pension-defeating motive in terminating him, and the fact that Defendants proffer such a motive is not grounds for removal. *Karambelas*, 992 F.2d at 974. By relying exclusively on state law claims, Plaintiff may avoid federal jurisdiction. *Caterpillar*, 482 U.S. at 392. Accordingly, the Court finds that Plaintiff's theory of liability is independent of the ERISA plan and remand should be granted on this ground as well.

Defendants also argue that they are entitled to a federal forum because Plaintiff's testimony clarifies that his state law claims fall squarely within § 510 of ERISA, which provides a remedy for an employer's alleged retaliation against an employee for the past exercise of ERISA rights. Defendants argue that to provide a basis for removal under § 510 of ERISA, they need only show that Plaintiff's discharge was partially motivated either to retaliate for or to interfere with his exercise of ERISA rights. Thus, Defendants argue that Plaintiff's termination need not be solely motivated by the deprivation of an ERISA right.

ERISA § 510, 29 U.S.C. § 1140(a) provides in part, "It shall be unlawful for any person to discharge . . . a participant or beneficiary for exercising any right to which he is entitled ... ."  "[A] § 510 cause of action is presented when an employer allegedly retaliates against an employee for past exercise of ERISA rights." *Kowalski v. L&F Products*, 82 F.3d 1283, 1286 (3rd Cir. 1996). In *Kowalski*, the court held that § 510 provides a cause of action for an employee when termination "allegedly occurred in retaliation for the employee exercising his or her right to receive ERISA protected benefits." *Id.* at 1288. However, a claim is not preempted to the extent that it relies on theories independent of the benefit plan. *Sorosky*, 826 F.2d at 800.

Here, Plaintiff does not claim that he was entitled to claim Ms. Whyte as a dependant for

8

insurance purposes, and does not allege that Kiewit retaliated against him for past exercise of ERISA rights. Rather, he alleges breach of contract theories that are independent of his benefit plan. Accordingly, the Court finds that § 510 does not apply.

Finally, Defendants argue that what is meant by "lawful spouse" under the insurance plan will be a critical factor in analyzing liability for all of Plaintiff's state law claims. However, "[a] state law claim is not expressly preempted under § 1144(a) merely because it requires a cursory examination of ERISA plan provisions. *Trustees of the Aftra Health Fund v. Biondi*, 303 F.3d 765, 780 (7th Cir. 2002) (internal citation omitted). Here, Plaintiff does not dispute what is meant by "lawful spouse;" in fact, he admitted in his deposition that Ms. Whyte was not properly listed on the insurance per the terms of the plan. Accordingly, Defendants' argument is without merit.

## IV. CONCLUSION

Based on the foregoing analysis, the Court hereby GRANTS Plaintiff's motion and REMANDS this action to the Superior Court of the State of California, County of Alameda. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

Dated: April 12, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

9